No. **A-CV-32-93**
# Supreme Court of the Navajo Nation

.

**Elvis Castillo and Jackie Sam,**
**Plaintiffs-Appellees,**
**v.**
**Fannie Charlie and Richard Antonio,**
**Defendants-Appellants.**
**Decided December 13, 1995**

## OPINION

Before YAZZIE, Chief Justice, AUSTIN and CADMAN, Associate Justices.

Fannie Charlie, *pro se*, Albuquerque, New Mexico, for the Appellants; and Elvis Castillo, *pro se*, Cuba, New Mexico, for the Appellees.

Opinion delivered by CADMAN, Associate Justice.

Fannie Charlie and Richard Antonio ("Appellants") claim that the district court erred in finding them liable for damage to Elvis Castillo and Jackie Sam's ("Appellees") vehicle and in not finding Appellees liable on the Appellants' crossclaim. Appellants further assert that the district court's damages award of $2,000.00 was not supported by the evidence.

I

On August 14, 1993, between 7:00 and 8:00 p.m., a collision occurred between a pick-up truck driven by Appellee Castillo and livestock owned by Appellants Charlie and Antonio. The accident took place on Navajo Route 9, a public thoroughfare, approximately eight miles east of the Pueblo Pintado Chapter House, within the territorial jurisdiction of the Navajo Nation. Appellants' livestock went through an opening in a fence bordering the highway where there was no gate or cattle guard. Appellees' vehicle was damaged beyond repair as a result of the collision, and Appellants' livestock, a cow and bull, died sometime after the accident as a result of the collision.

On October 12, 1993, Appellees filed suit in the small claims court seeking compensatory damages. Appellants filed a counterclaim, which the district court denied. The district court found that Appellants had breached their duty to prevent their livestock from straying onto the highway, and awarded Appellees $2,000 in compensatory damages based on both documentary and testimonial evidence.

On November 29, 1993, Appellants appealed this judgment. On appeal,

Appellants argue that they are not liable for the damages because they are not required to repair fences built and maintained by the Navajo Nation, that Appellees drove negligently, and that the damages award was based on insufficient evidence.

## II

In small claims proceedings, a party "waives all right to appeal except that either party may appeal on the sole ground that substantial justice has not been done between the parties according to the rules and principles of substantive law." N.R.S.C.P. 20. Accordingly, we look to the law of negligence and damages to determine whether the district court failed to do "substantial justice."

Under Navajo law, the plaintiff must prove that the defendant owed the plaintiff a duty, that the defendant breached that duty, and proximately caused injury to the plaintiff. *Thomas v. Succo*, 7 Nav. R. 63, 64-65 (1993); *Navajo Tribe of Indians v. Jones*, 5 Nav. R. 235, 255 (Window Rock Dist. Ct. 1986); *Mann v. The Navajo Tribe*, 4 Nav. R. 83, 84 (1983); *Cadman v. Hubbard*, 5 Nav. R. 226, 229 (Crownpoint Dist. Ct. 1986).

Under this test, the first level of inquiry is whether a livestock owner owes a duty of care to a motorist on a highway in the Navajo Nation. Appellants argue that livestock owners owe no duty of care to motorists because federal grazing regulations prevent them from making improvements on their land, such as repairing broken fences bordering highways.

Appellant Charlie's grazing permit covers range unit #33 within the checkerboard area of the Eastern Agency of the Navajo Nation. As such, she is subject to the Navajo Nation's Off-Reservation Grazing Code at 3 N.T.C. §§ 932-35 (1969).[1] The Off-Reservation Grazing Code states, in relevant part, that "[a]ll improvements placed on range units shall be approved by the District Land Board and shall become affixed to the property." 3 N.T.C. § 943 (1969). Thus, contrary to Appellants' assertion, a permittee is not barred from constructing improvements to prevent her livestock from straying onto the highway.

Navajo law and federal regulations also require permitters to control and contain their livestock. Livestock trespass is prohibited on Indian trust lands, restricted lands, and government lands. 25 C.F.R. § 166.24(a) (1993). Permitters are not allowed to graze or drive livestock across any individually owned, tribal or government lands without an approved permit. 3 N.T.C. § 946(a)(5) (1969). These requirements, combined with the ability to repair or maintain fences in their grazing area pursuant to 3 N.T.C. § 943 (1969), impose a duty on livestock owners to control their livestock and take reasonable precautions to avoid livestock trespass. Even absent such regulations, where a fence is in place for the purpose of preventing livestock from straying onto a highway, a livestock owner

---

1. This Code supersedes the corresponding federal regulations at 25 C.F.R. §§ 166 *et seq.* 3 N.T.C. § 932(a) (1969).

has a duty to repair and maintain these fences, as well as gates and cattle guards.

Furthermore, livestock owners are more likely to have the foresight to predict any potential harm to motorists due to openings in the fencing. Under Navajo law, "failure to exercise ordinary care in avoiding foreseeable harm to others constitutes negligence." *Wilson v. Begay*, 6 Nav. R. 1, 4 (1988). Stated differently, a person's conduct is considered the proximate cause of an injury where the injury is one "which could have been reasonably foreseen by the defendant under the circumstances." *Thomas v. Succo*, 7 Nav. R. at 64. Thus, under this standard, a livestock owner is liable where the injury to the plaintiff is one which could have been reasonably foreseen under the circumstances.

In this case, sufficient evidence exists to show that Appellants failed to exercise their duty of care. *Wilson v. Begay*, 6 Nav. R. at 3-4 (stating that this Court must uphold a district court's finding of negligence if the evidence most favorable to that finding is sufficient to establish the defendant's negligence). Appellant Charlie's grazing pemit is confined to a "range unit," beyond which she is not permitted to graze. 3 N.T.C. § 934 (1969). Moreover, Appellants knew that livestock frequently strayed onto the highway because there were no cattle guards and the gates had been removed about fifteen years before. As such, Appellants possessed the reasonable foresight that a collision between the livestock and a motorist was possible.

Granted, Appellants did raise the issue of broken fences at chapter meetings for the last ten years or so, but this effort is inadequate to meet the duty of care. Appellants should have repaired the fence, replaced the gate, or installed a cattle guard with the assistance of the District Land Board. If they had done so, they would not have to chase cattle all night to prevent them from trespassing onto the road, which was a concern of Appellants.

In sum, Appellants' location in a range unit area mandates control of their livestock, as does any fenced grazing area on the Navajo Nation. Moreover, Navajo law never posed a bar to Appellants in the repair or maintenance of the fence bordering the highway. Appellants also possessed the reasonable foresight that a collision between a motorist and their livestock was possible. These factors are sufficient to establish a breach of duty. The decision of the district court finding Appellants liable does not constitute a substantial injustice, and is therefore, affirmed.

## III

Appellants also assert on appeal that the district court erred in denying their counterclaim. The Appellants' counterclaim argues that the Appellees are entirely to blame for the collision resulting in the deaths of Appellants' cow and bull, 7 N.T.C. § 701(b) (Supp. 1985), or in the alternative, that Appellees are partially responsible for the loss suffered under the doctrine of comparative negligence. 7 N.T.C. § 701(d).

Navajo law imposes a duty on drivers to exercise "reasonable precaution"

when approaching horse drawn vehicles and livestock. 14 N.T.C. § 522 (1988). This Court has recognized a heightened standard of care for drivers in open range areas on the Navajo Nation. *Navajo Tribe of Indians v. Littleman*, 1 Nav. R. 33, 34 (1971) (stating that "highway and traffic conditions on the Navajo Reservation require an extra degree of caution and due care and that Navajo drivers are under a duty to use a higher degree of care because of the general lack of fences and open range conditions on the reservation with horses, sheep and other animals apt to wander onto the highways."). This heightened standard of care, however, does not apply in a closed range area where a fence prevents livestock from trespassing onto an adjacent highway. Under these circumstances, a grazing permittee has a duty to contain her livestock inside the fenced area and off of the highways. Consequently, we affirm the district court's decision denying Appellants' counterclaim.

## IV

Lastly, Appellants claim that the damages award of $2,000 is not supported by the evidence. Navajo law requires that damages be proven by the plaintiff with "reasonable certainty," whereby the "plaintiff's testimony can constitute adequate proof of damages." *Wilson v. Begay*, 6 Nav. R. at 5. Furthermore, "a reasonable basis for the computation [of damages] must appear in the record," and the plaintiff must establish damages with the "best available evidence." *Id*. The remoteness of the Navajo Nation often makes it difficult for a plaintiff to obtain expert witnesses, thus, this Court has stated "[t]here is no reason why a plaintiff witness cannot testify ... showing the connection between the repairs and the collision" and "as to the authenticity of repair estimates and bills." *Deal v. Blatchford*, 3 Nav. R. 159, 163 (1982). The plaintiff need only show that "(1) the repairs were necessary as the result of the wrongful act; and (2) the cost of the repair was reasonable." *Id*. at 162.

The Appellees entered into evidence photographs of the damaged vehicle, the accident report that indicated "expensive damage" to the front end of the vehicle, and an estimate report from Basin Motors of Farmington, New Mexico which showed that the "damage exceeds the value of the vehicle." Appellees also testified that the vehicle would not run as a result of the damage, that an automobile dealer said the damages exceeded $2,500, and that they were relying on the advice of their in-laws for the value of the vehicle.

This evidence, however, fails to indicate the actual cost for repairs or replacement of the vehicle. Indeed, the district court properly noted that a vehicle may have residual value, yet this element alone cannot establish damages. We fail to find a reasonable basis for the awarded amount of $2,000, and therefore, we reverse the district court's determination of damages and remand the issue to determine the appropriate amount of damages.

In summary, this Court affirms the judgment in favor of the Appellees and remands the issue of damages to the district court.